BARNS, Justice.
On June 13, 1952, the appellant was tried and convicted of unarmed robbery of John Lenart and after judgment and sentence brings this appeal.' The question for the Court is whether the evidence is sufficient to support the verdict and judgment. We think not.
Manus Williams, owner and operator of Bill’s Bar and Grill, in Tampa, testified he *195 saw the appellant leave 'his bar with John Lenart. Pasquale Mirabole, ' cab driver, testified he took John Lenart and the appellant to 310 E. Ross Avenue. W. B. Keenan, City Detective, testified he arrested the appellant and found none of the stolen property in her possession. Keenan also testified to the confession of Ted Nelson, to the effect that Julius Robinson and Ted Nelson found John Lenart on the front porch of 310 E. Ross Avenue on the early morning of the day of the robbery; that Julius Robinson went into the apartment at 310 E. Ross Avenue to see the appellant; that Julius Robinson returned and reported that the appellant had taken nothing from the person of John Lenart; that then they took John Lenart up the street for a couple of blocks where they beat him up and robbed him.
The cold facts above recited are supplemented as follows: that the prosecuting witness, John Lenart, who had been at sea for about 40 years, after engaging a room in a hotel on North Franklin Street of Tampa, entered a bar across the street from the hotel after midnight and there became acquainted with a milk drinking patron by the name of Rose Nelson. Thereafter, Ted Nelson, the husband of Rose, appeared and after an introduction, Julius Robinson was introduced, during which time the appellant, Rachel Aldridge, was a coffee drinker at the counter. After a couple rounds of drinks, at the mariner’s expense and generosity, at about 3 A.M. the quartet retired to a booth.
At this stage of the play, Rachel enters the scene by an invitation from Rose to visit the rest room, during which visit, Rose advised Rachel that if she would take Len-art to her place that “it will be worth money to you” and that she, Rose, could not take him to her place because of conditions. This was after the second round of drinks.
Lenart testified that he remembered nothing after the second round of drinks until he was brought back to the bar by the police; that he has no recollection of meeting Rachel before he saw her at the police station after he had been beaten and robbed.
It is evident that the designs of Rachel was to “roll” Lenart, by plying her feminine wiles. Lenart came to a temporary rest on the front porch of her apartment where Rachel had taken him, she having left him there drunk and asleep in a rocking chair. Rachel proceeded to her apartment. With due promptness Julius and Ted appear, Julius inquiring if she had gotten any money off of Lenart to which her reply was in the negative. Thereupon, Ted and Julius walked Lenart for a couple of blocks, assaulted him and robbed him. It is not shown that Rachel was working jointly with Ted and Julius to rob. Her enterprise seems to have sprung from the opportunity presented to her by the circumstances and she seized it for its worth to her. Since Rachel had not gotten Lenart’s money then Julius, with Ted, took up where Rachel left off.
The appellant, Rachel, was jointly charged with Julius and Ted for a felonious assault and robbery of Lenart of which she would have been guilty as a principal in the second degree, if she had been present.
In the case of Neumann v. State, 116 Fla. 98, 156 So. 237, 239, this Court, speaking unanimously through Mr. Chief Justice Davis, had this to say:
“There is under the common law and under our statutes a clear and marked distinction between a principal in the second degree and an accessory before the fact. The effect of section 7110, C.G.L.J section 5008, R.G.S. [F.S.A. § 776.01], is not to do away with the common-law distinction between principals 'in the second degree and accessories before the fact, but merely to provide the punishment of each of them in like manner as the principal felon is provided to be punished. * * *
“An accessory before the fact is one who is absent at the time of the commission of a felony, but who has beforehand counseled, hired, or otherwise procured the'perpetrator to commit it as defined in section 7110, C.G.L., section 5008, R.G.S. A principal in the second degree is one who ‘aids in the *196 commission of a felony’ as referred to in section 7110, C.G.L., supra, by being present, aiding and abetting the commission of the felony at the time it is perpetrated. The latter’s presence at the time of commission of the. crime may be actual or constructive. Kauz v. State, 98 Fla. 687, 124 So. 177; Albritton v. State, 32 Fla. 358, 13 So. 955.”
The evidence is insufficient to sustain a conviction as a principal and the judgment appealed from is reversed.
HOBSON, C. J., and TERRELL and SEBRING, JJ., concur.